## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                          )
DAWN R. BROWN                            )
                        Plaintiff,        )
            v.                            )          Case No. 09-cv-01922-RCL
                                          )
DISTRICT OF COLUMBIA, et al.             )
                                          )
                                          )
                        Defendants.       )
_____)


## <u>DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION FOR PARTIAL SUMMARY JUDGMENT</u>

The District has moved to dismiss plaintiff's common law claims on two bases: First, plaintiff cannot prevail on her Intentional Infliction of Emotional Distress (Count 2); Assault (Count 3); Battery (Count 4) and False Imprisonment (Count 5) claims against the District because co-defendant Sanders was not acting within the scope of his employment.  Second, Plaintiff's negligent hiring, supervision and training claim fails because plaintiff has failed to present an expert witness that could testify to the national standard of care and the District's alleged breach thereof.  Nothing in Plaintiff's opposition shows that her common law tort claims are actionable against the District.

**1)  According to Plaintiff's sworn testimony, Sanders' actions were not within the scope of his employment.**

Plaintiff herself repeatedly stated that Co-defendant Sanders was not her direct supervisor, had no involvement in her work, and should not have been present at her work place when the incidents at issue in this action took place.  *See* District's Statement of Facts not in Dispute, ¶ ¶ 3, 6, and 7.  Thus, Plaintiff's own admissions establish that his misconduct did not

serve the interests of their mutual employer, the Metropolitan Police Department.  The MPD

reached the same conclusion.  *See* District's Statement of Facts not in Dispute ¶ 12 and ¶ 13.

Despite this agreement between Plaintiff and the District, the Plaintiff's response to the

District's motion argues to the contrary.  Based solely on the self-serving statements of co-

defendant Sanders, Plaintiff now claims that the harassment, which ultimately culminated in two

physical assaults, was in furtherance of the interests of the MPD.  The Court should see this for

what it is: an attempt to create a factual dispute where none exists.  There is no factual dispute

that prevents summary judgment in favor of the District.

*Brown v. Argenbright Security*, 782 A.2d 752 (D.C. 2001), which plaintiff relies on in her

brief, illustrates this point.  That case involved a single incident where a security guard allegedly

sexually assaulted a minor during a search.  *Id.*  This situation presented an exception to the

probability that "the vast majority of sexual assaults arise from purely personal motives."  *Id*. at

758.  The Court reached that conclusion because "the search was initiated by [the guard] only

after he had reason to believe that his employer's interests had been affected (*i.e.,* that

merchandise had been stolen by the person he was about to search).  At what point, if ever, [the

guard's] personal desires motivated his alleged physical contact . . . is a factual question that

should have been considered by a jury." *Id.*  The other cases cited by Plaintiff, *Dill v. Johnson*,

107 F.2d 669 (1969), *Johnson v. Weinberg*, 424 A.2d 404 (D.C. 1981) and *Lyon v. Casey*, 533

F.2d 649 (1976) all involve similar factual sinarios where actions originally motivated by a

desire to serve the employer's interest eventually become personal.

Here, Plaintiff avers the opposite.  According to Plaintiff, Sanders had no legitimate

business reason for his actions, which were detrimental to their employer. Plaintiff's own

statements establish Sanders took actions that were against his employer's interest because of his

personal motives.  This is precisely the type of case that can and should be decided as a matter of

law.

**2)  Plaintiff needs an expert to prevail on her negligent supervision, retention and hiring claims.**

Plaintiff claims without any citation that her negligent supervision, retention and hiring

claims involve only "common sense notions pertaining to interpersonal interactions among

adults."  Pl.'s Opp'n at 35. However, as the D.C. Circuit has noted, "[t]he D.C. Court of Appeals

has required expert testimony in a number of cases that, on first blush, appear to be within the

realm of common knowledge."  *Briggs v. Washington Metro. Area Transit Auth.*, 481 F.3d 839,

845 (D.C. Cir. 2007).  The Court went on to opine:

> The case law indicates that the "common knowledge" exception to the expert
> testimony requirement is recognized only in cases in which everyday experience
> makes it clear that jurors could not reasonably disagree over the care required.
> Moreover, expert testimony is routinely required in negligence cases ... which
> involve issues of safety, security and crime prevention.

*Id.* at 845-46 (internal citations omitted).

The *Briggs* Court went on to examine *Varner v. Dist. Of Columbia,* which is

particularly applicable here.  There, parents of a student sought to hold Gallaudet University

responsible for the murder of their child by another student. The D.C. Court of Appeals found

that plaintiff needed an expert to establish the applicable standard of care.  *Varner v. Dist. of

Columbi*a, 891 A.2d 260, 268 (D.C. 2006).  This standard depended on an evaluation of the

schools disciplinary procedures "which should not be left to a lay jury to decide without expert

testimony." *Id.*

Here, plaintiff wants the jury to decide whether the District properly monitored,

3

evaluated and disciplined Co-defendant Sanders.  They should not be made to do this without the

benefit of expert testimony, which the plaintiff has not provided.   Consequently, the District is

entitled to judgment on Count 7 of the Complaint.

## *CONCLUSION*

Based upon the District's original motion, the plaintiff's opposition thereto and the

foregoing, it is respectfully submitted that this Court should enter judgment in favor of the

District on Counts 2,3, 4, 5 and 7 of the Complaint.

Dated:  August 15, 2012.

IRVIN B. NATHAN
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation
Division

 */s/Darrell Chambers*_____
DARRELL CHAMBERS [980872]
Chief, Civil Litigation Section II

*/s/ Sarah L. Knapp*_____
SARAH L. KNAPP [D.C. Bar No. 470008]
Assistant Attorney General
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
(202) 724- 6528
(202) 741-0559 (fax)
Email:  sarah.knapp@dc.gov

Attorney for Defendant District of Columbia

4